IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROSIE LEE MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-361-RAH-SMD |
| | ) | |
| J. SUTHERLIN, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pro se Plaintiff Rosie Lee Murphy ("Murphy") filed a civil rights complaint alleging that she was wrongfully detained by Defendant J. Sutherlin ("Sutherlin"), who appears to be a security guard at the Alabama Supreme Court building. Compl. (Doc. 1). Murphy moved to proceed *in forma pauperis*, Mot. (Doc. 9), and the undersigned granted her request, Order (Doc. 11). Upon 28 U.S.C. § 1915(e) review, the undersigned found that Murphy's complaint was a shotgun pleading and ordered her to amend her complaint to comply with federal pleading standards, giving her specific instructions regarding amendment. Order (Doc. 21).

Murphy then filed a ten-page amended complaint against Sutherlin alleging various claims including 42 U.S.C. § 1983 claims for violation of her Fifth, Eighth, and Fourteenth Amendment rights; a retaliation claim under 42 U.S.C. § 12203; an assault and battery claim under Alabama Code § 13A-6-20; a claim for Intimidating a Witness under 18 U.S.C. § 1512; and a harassment claim under Alabama Code § 13A-6-90. Am. Compl. (Doc. 28). Because the amended complaint suffers from the same or similar deficiencies as the

1

original complaint, the undersigned recommends the amended complaint be dismissed without further opportunity to amend.

## I.    JURISDSICTION

This Court has federal question jurisdiction over Murphy's complaint via the constitutional and federal claims she purports to assert. 28 U.S.C. § 1331. Additionally, to the extent that Murphy's purported claims arise under state law, this Court may exercise supplemental jurisdiction over those claims as they appear to form part of the same case or controversy as Murphy's federal claims. 28 U.S.C. § 1367.

## II.    FACTUAL ALLEGATIONS

Murphy alleges that on either May 8, 2025, or May 9, 2025, she went to the Alabama Supreme Court building and was escorted by Sutherlin to the clerk's window for the Alabama Court of Civil Appeals. Am. Compl. (Doc. 28), p. 3. Murphy appears to have sought access to the law library, and when she was denied this access, requested that Sutherlin provide her something in writing as to why. *Id.* Sutherlin yelled at her and grabbed her arms, twisting them, and arrested her, putting excessively tight handcuffs on her. *Id.* Murphy alleges that this was in retaliation for her request. *Id.* at 3. Seemingly unrelated to this series of events, Murphy notes that she previously filed a complaint against Sutherlin's boss, Earl Marsh. *Id.* at 5.

Murphy then makes numerous vague and conclusory allegations in the form of a list of various dates and apparent injuries she suffered, all seemingly unrelated to the present complaint. *Id.* at 5-7. For instance, Murphy states that "on June 6, 2025 my legs was taken

2

loose," and later states that "on August 7, 2025 I was frame detain again the defendants went into my youth records '25' years ago." *Id.* at 5.

## III.  LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 8(a)

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain a short and plain statement of the claim showing that the plaintiff is entitled to relief.  FED. R. CIV. P. 8(a)(2).  "Each allegation must be simple, concise, and direct."  FED. R. CIV. P. 8(d)(1).  In addition, Rule 10 requires a plaintiff to "state its claims [] in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  FED. R. CIV. P. 10(b).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.* (internal quotes omitted).  A complaint must contain enough well-pleaded facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Complaints that violate Rule 8(a)(2) are often referred to as "shotgun pleadings." In essence, "[a] shotgun pleading is one that lacks the minimum clarity, brevity, or coherence" required by the Federal Rules. *Webb v. Miami-Dade Cnty. Gov't*, 2023 WL 7299859, at *2 (S.D. Fla. Nov. 6, 2023). If "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," the complaint is a shotgun pleading. *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

The Eleventh Circuit has recognized four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does not separate "into a different count each cause of action or claim for relief"; and (4) a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). Regardless of the category, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*.

Shotgun pleadings are "roundly, repeatedly, and consistently condemn[ed]." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001) (stating "shotgun pleadings wreak havoc on the judicial system" and "consume an inordinate amount of a court's time"). The Eleventh Circuit shows "little tolerance for shotgun pleadings," even when the plaintiff proceeds pro se. *See, e.g.*, *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)); *Sarhan v. Miami Dade Coll.*, 800 F. App'x 769, 771 (11th Cir. 2020); *Blochowicz v. Wilkie*, 2020 WL 5028224, at *3 (S.D. Ga. Aug. 25, 2020) (noting that the court "takes a dim view of shotgun pleadings").

4

District courts "have the inherent authority to dismiss a complaint on shotgun-pleading grounds." *Sarhan*, 800 F. App'x at 772; *Gendron v. Connelly*, 2023 WL 3376577, at *1 (11th Cir. May 11, 2023) (noting a district court can dismiss a complaint on shotgun pleading grounds under its inherent authority to control its docket). Generally, prior to dismissing a complaint with prejudice on shotgun pleading grounds, a court must give a pro se plaintiff an opportunity to amend. *Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180, 183 (11th Cir. 2019) ("We agree that a district court generally must permit a pro se plaintiff to amend his or her complaint at least once before *sua sponte* dismissing claims on shotgun pleading grounds.").

### B. Pro Se Litigants

Federal courts must "show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics removed). A document filed pro se is "to be liberally construed," and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). Despite this leniency, a pro se plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure. *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). Importantly, a district court "does not have license to rewrite a deficient pleading," and—like complaints drafted by attorneys—a pro se complaint must be dismissed if it fails to state a claim on which relief may be granted. *See, e.g., Osahar v. U.S. Postal Serv.*, 297 F.

App'x 863, 864 (11th Cir. 2008); *Albrata v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007).

## IV.    ANALYSIS

### A. Amended Complaint

Murphy's amended complaint is a shotgun pleading that falls well short of federal pleading standards. First, it is unclear what claims Murphy intends to assert. Murphy's amended complaint is polluted with multiple causes of action, none of which are supported by factual allegations. For instance, prior to her "Cause of Action" section, Murphy lists the statutes under which she brings her complaint as "42 U.S.C. § 1983[,] and/or 18U.S.C. § 1512, and/or 42 U.S.C. § 12203, and/or 28 U.S.C. § 1331." *Id.* at 4. Later, Murphy lists multiple "counts" for "retaliation 42 U.S.C. § 12203 . . . assault and battery - Alabama Code § 13A-6-20 . . . intimidating a witness 18 U.S.Code [sic] § 1512 . . . excessive use of force 42 U.S.C. § 1983." *Id.* at 8. Murphy's "and/or" antics, combined with her references to statutes that have nothing to do with her allegations, make unclear the claims she intends to assert against Sutherlin or the legal basis for them. Therefore, the amended complaint fails to give Sutherlin adequate notice of the claims against him and falls clearly within the third category of shotgun pleadings.

Second, Murphy's allegations are not set forth in numbered paragraphs as required by Rule 10 of the Federal Rules of Civil Procedure. Rather, Murphy's allegations take the form of a series of rambling paragraphs, some of which are not clearly part of a single narrative. Third, the amended complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," making it violative of Rule

8. For instance, Murphy states that she previously filed a complaint against Sutherlin's boss. *Id.* at 5. This statement—along with multiple others—do not appear connected to any particular cause of action, and cause the amended complaint to fall squarely within the second category of shotgun pleadings.

For at least these reasons, Murphy's amended complaint is a shotgun pleading that violates the Federal Rules of Civil Procedure. Therefore, the amended complaint should be dismissed.

### B. Opportunity to Amend

Generally, district courts must give pro se litigants an opportunity to amend. *Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180, 183 (11th Cir. 2019). However, a court should dismiss a pro se complaint without providing leave to amend "where amendment would be futile"—i.e., where the complaint as amended would still be subject to dismissal. *Stringer v. Jackson*, 392 F. App'x 759, 760 (11th Cir. 2010); *Smith v. Hildebrand*, 244 F. App'x 288, 290 (11th Cir. 2007). Here, Murphy has already been provided with an opportunity to amend her complaint and was provided with specific instructions on how to cure the deficiencies in her original complaint. Murphy then filed an amended complaint that suffers from the same kinds of deficiencies as the original complaint. Because Murphy has shown an inability or unwillingness to file a complaint that complies with the federal pleading standard, Murphy should not be provided another opportunity to amend.[1]

---

[1] The undersigned notes that Murphy has filed several other lawsuits and has been previously advised on how to file a proper complaint. Given Murphy's history of frivolous filings, any amendment would waste

## V.    CONCLUSION

For these reasons, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that Murphy's Amended Complaint (Doc. 28) be DISMISSED without further opportunity to amend. Further, it is

ORDERED that the parties shall file any objections to this Recommendation **on or before December 4, 2025**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

---

judicial resources and be completely futile. *See, e.g.*, *Murphy v. Ala. Mental Health Authority*, Civil Act. No. 2:25cv771-BL-KLP (recommendation to dismiss and to declare Murphy a vexatious litigant pending); *Murphy v. Gordon*, Civil Act. No. 2:24-cv-456-RDP-JHE (advising Murphy of the pleading standards and concluding that her amended complaint remained a shotgun pleading); *Murphy v. United States District Court Clerk*, Civil Act. No. 2:25-cv-358-RAH-KFP (dismissing complaint as frivolous).

DONE this 20th day of November, 2025.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE